Burket, J.
It is claimed by plaintiff in error that the canse of action against Mr. Stone was merged into the judgment rendered against Mr. Allen, and that therefore the judgment of the court of common pleas was right and should have been affirmed. An order of attachment having been properly issued against the defendants, and property having been taken under ■ such order, and it appearing by the return of the constable that Mr. Stone was not found in the county, it is claimed by plaintiff in error, that under section 6496, Revised Statutes, the cause had to be continued for not less than forty, nor more than sixty days, and. the plaintiff below having proceeded to trial on the return day of the summons against Mr. Allen alone, and having obtained judgment against him, the action as against Mr. Stone was thereby terminated, and the cause of action merged into the judgment against Mr, Allen.
Said section 6496 is as follows: “If the order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant in the usual manner for the service of a summons, if the same can be done within the county; and when any property of the defendant has been taken under the order of attachment, and it shall appear that the summons issued in the action has not been, and cannot be served on the defendant in the county, in the manner prescribed. by law, the justice of the peace shall continue the cause for a period not less than forty, nor more than sixty days; whereupon the plaintiff shall proceed for three consecutive weeks to publish in some newspaper printed in the county, or if none are printed therein, then in some newspaper of general circulation in said county, a no *199 tice, stating the names of the parties, the time when, by what justice of the peace, and for what sum said order was issued, and shall make proof of such publication to the justice; and, thereupon, said action shall be proceeded with, the same as if said summons had been duly served.”
It will be noticed that in order to make it necessary to continue the action, two things must appear: one that the summons has not been served, and the other that it cannot be served upon the defendant in the county in the manner prescribed by law.
If it appears to the justice of the peace that the summons has not been served upon the defendant, but the further fact that it cannot be served upon him in the county according to law is not made to appear to him, he should not continue the case as to such defendant, but issue another summons for him. A cause before a justice of the peace is not deemed commenced until service of summons, and then the commencement dates from the delivery of the summons to the constable. In case property is taken upon an attachment, and it appears that the service of summons has not been, and cannot be, made- upon the defendant in the county, service may be had by publication, and in such cases the action is deemed commenced upon the delivery of the summons and order of attachment to the constable, provided that the proper publication is thereafter made.
In the case at bar the docket entry of the justice of the peace shows that the first summons was not served upon Mr. Stone, but it is silent as to whether a summons could be served upon him in the county in the manner prescribed by law. Without such finding, either expressly or by necessary implica *200 tion, there was no authority to continue the case for service by publication.
There is nothing in the record to show why the justice of the peace failed to find that service could not be made upon Mr. Stone in the county as prescribed by law, but the presumption is that he had good and sufficient reasons for his silence as to that question. As the record stood upon the return day of the first summons, service had been made upon Mr. Allen and a return of not found as to Mr. Stone, with an affidavit that both defendants were nonresidents of the county and state. Upon this state of the record the cause of action against the defendant not served, was not merged into the judgment rendered against the one who was served. Yoho v. McGovern, 42 Ohio St., 11. If the rendition of the judgment against Mr. Allen on the return day of the summons when Mr. Stone stood upon the docket as a non-resident of the county and state, did not cause a merger — and it did not — there was no merger by reason of the subsequent proceedings in which the purpose was to obtain a personal judgment in addition to the attachment. The non-residence and being beyond the jurisdiction of the court when the judgment was rendered against Mr. Allen, prevented a merger, and this was so whether Mr. Stone had property in the county or not.
By virtue of the alias summons which was issued and served upon Mr. Stone the next day, he became a party to the action, and liable tó respond to the complaint set out in the bill of particulars the same as if a new action had been commenced against him upon his coming into the county, as was done in Yoho v. McGovern, supra, and the previous judgment against Mr. Allen could not have the effect to terminate the action against Mr. Stone.
*201 The fact that an attachment was issued and property taken thereunder could not deprive the plaintiff from prosecuting his action and obtaining a personal judgment in addition to the relief sought by the attachment. Upon Mr. Stone coming into the county, summons could be served upon him, and there was then no occasion for making service by publication. Having thus obtained personal service upon Mr. Stone, the plaintiff below was entitled to a personal judgment against him, and not merely a judgment to sell the attached property, as would have been the case if there had been servic by publication only.
’ The question as to whether the cause of action against the defendant below was joint, or joint and several, has not been considered by the court and is not here decided.

Judgment affirmed.